FILED
CLERK, U.S. DISTRICT COURT
02/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:24-cr-00062-RGK |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. § 853: Criminal Forfeiture] |
| LAUREN ASHLEY FULSOM and ESTELLA ALEMAN, | |
| Defendants. | |

The Grand Jury charges:

### COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT FULSOM]

On or about June 28, 2022, in Riverside County, within the Central District of California, defendant LAUREN ASHLEY FULSOM knowingly and intentionally distributed at least 50 grams, that is, approximately 441 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about August 16, 2022, and continuing until at least on or about October 24, 2022, in Riverside County, within the Central District of California, and elsewhere, defendants LAUREN ASHLEY FULSOM and ESTELLA ALEMAN conspired with others known and unknown to the Grand Jury to knowingly and intentionally distribute, and possess with intent to distribute, at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendant FULSOM would arrange for the sale of methamphetamine to buyers at a meeting location in Riverside County.

2.   Defendant FULSOM would negotiate a price for the methamphetamine.

3.   Defendant ALEMAN would supply the methamphetamine and would accept payment for the methamphetamine.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants FULSOM and ALEMAN, and others known and unknown to the Grand Jury, committed various overt acts in Riverside County, within the Central District

of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On August 17, 2022, defendant FULSOM agreed to meet with Buyer 1, who unbeknownst to defendants FULSOM and ALEMAN was a confidential informant working at the direction of law enforcement, and Buyer 2, who unbeknownst to defendants FULSOM and ALEMAN was an undercover law enforcement officer, on August 18, 2022 to sell approximately one pound of methamphetamine.

Overt Act No. 2:   On August 18, 2022, defendant FULSOM told Buyer 1 that she could not get in touch with her methamphetamine supplier, so defendant FULSOM agreed to meet with Buyer 1 and Buyer 2 at a later date to sell one pound of methamphetamine and firearms.

Overt Act No. 3:   On August 22, 2022, defendant FULSOM told Buyer 1 that she could bring her methamphetamine supplier to a location within Riverside County to meet with Buyer 1 and Buyer 2.

Overt Act No. 4:   On August 23, 2022, defendant FULSOM and defendant ALEMAN transported at least 508 grams of methamphetamine to a location within Riverside County to meet with Buyer 1 and Buyer 2.

Overt Act No. 5:   On August 23, 2022, defendant ALEMAN possessed approximately 508 grams of methamphetamine that she intended to distribute to Buyer 1 and Buyer 2.

Overt Act No. 6:   On August 23, 2022, defendant ALEMAN offered to sell approximately one pound of methamphetamine to Buyer 2 and then offered to sell an additional half-pound of methamphetamine to Buyer 2 that ALEMAN said was a different type of methamphetamine.

Overt Act No. 7:   On August 23, 2022, defendant FULSOM quoted Buyer 2 a price of $1,400 for one pound of methamphetamine.

<u>Overt Act No. 8</u>:   On August 23, 2022, defendant ALEMAN quoted Buyer 2 a price of $400 for an additional half-pound of methamphetamine.

<u>Overt Act No. 9</u>:   On August 23, 2022, defendant ALEMAN distributed 508 grams of methamphetamine.

<u>Overt Act No. 10</u>:   On August 23, 2022, defendant ALEMAN accepted payment of $1,800 for 508 grams of methamphetamine she distributed to Buyer 2.

<u>Overt Act No. 11</u>:   On October 22, 2022, defendant FULSOM sent Buyer 1 defendant ALEMAN's phone number to facilitate another deal between Buyer 1 and defendant ALEMAN.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about August 23, 2022, in Riverside County, within the Central District of California, defendants LAUREN ASHLEY FULSOM and ESTELLA ALEMAN, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 508 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

   (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

PETER DAHLQUIST
Assistant United States Attorney
Riverside Branch Office